# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RONALD LEE REED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 09-0200-WS-N |
| BLAINE BARNETT, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of non-party Alabama Municipal Insurance Corporation ("AMIC") to intervene. (Doc. 80). The parties have filed responses and AMIC a reply, (Docs. 82-84), and the motion is ripe for resolution.

The complaint alleges that defendant Barnett, while serving as a law enforcement officer, used unconstitutionally excessive force and committed assault and battery. (Doc. 1). An amended complaint added the City of Jackson ("the City") as a defendant, alleged to be Barnett's employer at the time of the incident. (Doc. 28).[1] AMIC seeks to file a complaint in intervention for a declaratory judgment that Barnett is not an insured under the AMIC policy issued to the City for the allegations contained in the amended complaint and that AMIC thus is not obligated to defend or indemnify Barnett. (Doc. 80, Exhibit One).

AMIC's motion invokes permissive intervention under Federal Rule of Civil Procedure 24(b). Permissive intervention must be requested by "timely motion." Fed. R. Civ. P. 24(b)(1). The plaintiff argues that the motion is untimely. (Doc. 83 at 4-5).[2]

---

[1] The parties recently stipulated to the dismissal of the City without prejudice. (Doc. 85).

[2] Barnett supports intervention. (Doc. 82 at 2).

"In determining whether a motion to intervene was timely, we consider (1) the length of time during which the proposed intervenor knew or reasonably should have known of [its] interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002). "This analysis applies whether intervention of right or permissive intervention … is claimed." *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983). The burden is on the proposed intervenor to show that its motion is timely. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

The complaint was filed in April 2009. In July 2009, counsel for Barnett wrote AMIC, attaching the complaint and asking AMIC to "provide a review of appropriate coverage through AMIC to determine whether Officer Barnett, as an employee of Task Force One and the city of Jackson, may receive defense in this matter." (Doc. 82, Attachment at 2). AMIC filed its first motion to intervene on October 30, 2010, over 15 months later. (Doc. 77).[3] AMIC admits it received this letter but elected not to provide a defense or coverage. (Doc. 84 at 4). It nevertheless asserts, without explanation, that the clock for measuring the timeliness of its intervention began to run only on or after September 16, 2010, when Barnett's counsel wrote the City of Jackson to "request that you contact your insurance provider, AMIC, so that Blane may receive appropriate coverage in this matter immediately." (*Id*. & Exhibit 1 at 3). By AMIC's own admission, however, it "knew … of [its] interest in the case" in July 2009, so the clock

---

[3] The Court denied this motion without prejudice due to AMIC's failure to invoke Rule 24 or address the requirements for intervention, as of right or permissive. (Doc. 78). The instant motion followed on November 12, 2010.

[2]

began to run at that time. There was, in short, an unexplained 15-month delay between AMIC's awareness that it was being called upon to provide coverage and its filing of a motion to intervene. However, "absolute measures of untimeliness, such as how far the litigation has progressed when intervention is sought and the amount of time that may have elapsed since the institution of the action are not to be relied upon." *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1479 (11th Cir. 1993), *abrogated on other grounds, Dillard v. Chilton County Commission*, 495 F.3d 1324 (11th Cir. 2007) (internal quotes omitted); *accord Worlds v. Department of Health and Rehabilitative Services*, 929 F.2d 591, 595 n.18 (11th Cir. 1991) ("[The] length of time since initiation of litigation [is] irrelevant in determining timeliness.").

"The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene." *McDonald v. E. J. Lavino Co.*, 430 F.3d 1065, 1073 (5th Cir. 1970).; *accord Meek*, 985 F.2d at 1479 (prejudice to existing parties "is the essence of the timeliness inquiry"). The only prejudice that matters is that occasioned by the intervenor's delay in seeking intervention; delay to the trial or ultimate resolution of the case is irrelevant to timeliness. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (11th Cir. 1977); *Meek*, 985 F.2d at 1479. This factor is most commonly in play when intervention is sought after entry of judgment,[4] but this case has not proceeded to trial. Neither the parties nor AMIC identify, and the Court cannot detect, any legally relevant prejudice to the existing parties were AMIC to intervene at this juncture.

As for prejudice to AMIC should intervention be denied, "[t]he burdens of cost and delay the would-be intervenor would suffer if required to bring a future lawsuit do not constitute prejudice under [this] factor." U*nited States v. Jefferson County*, 720 F.2d 1511, 1517 n.13 (11th Cir. 1983). Rather, "the thrust of the inquiry must be the extent to

---

[4] *See, e.g., Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1514 (11th Cir. 1996); *United States v. Jefferson County*, 720 F.2d 1511, 1517 (11th Cir. 1983).

which a final judgment in the case may bind the movant even though he is not adequately represented by an existing party." *Id*. at 1517; *accord Meek*, 985 F.2d at 1479. AMIC does not assert that it will or may be detrimentally bound by any resolution of the lawsuit in its absence; on the contrary, AMIC insists that, regardless of what transpires at trial, Barnett cannot be entitled to coverage under the policy. (Doc. 84 at 2-3).

As for the final factor in gauging timeliness, neither side identifies any additional or unusual circumstances the Court should consider.

In review, AMIC delayed seeking intervention for over a year and for no good reason, but neither it nor the parties will experience any legally relevant prejudice from the Court's ruling on intervention. Because prejudice vel non to the existing parties is the most important factor in gauging timeliness, even a lengthy delay in seeking intervention does not outweigh that lack of prejudice. Accordingly, the Court concludes that AMIC's motion to intervene is timely as contemplated by Rule 24(b).

Once timeliness is established, intervention is permissible if AMIC "has a claim or defense that shares with the main action a common question of law or fact." Fed. R.Civ. P. 24(b)(1)(B). This is not a high standard, but it is unmet here. AMIC says the common question is whether Barnett is an insured under its policy for the allegations in the amended complaint, (Doc. 80 at 2), but that is not a question the existing lawsuit poses. Moreover, AMIC insists that it will establish Barnett's non-insured status based solely on the policy itself, with the evidence at trial irrelevant to the coverage question. (Doc. 84 at 2-3). AMIC does not explain, and the Court cannot discern, how its denial of coverage has a common question of law or fact with this case when it maintains that its question is to be resolved independently of how any question in this case is resolved. *See Mt. Hawley Insurance Co. v. Sandy Lake Properties, Inc*., 425 F.3d 1308 (11th Cir. 2005) (when the grounds for denying coverage are irrelevant to the issues in the underlying action, there is no common question of law or fact).

Once a court has determined that a motion to intervene is timely and that the intervenor has a claim or defense with a question of law or fact common to the existing

[4]

action, it has discretion whether to allow permissive intervention. *Worlds*, 929 F.2d at 595. "[I]t is appropriate to consider the total passage of time in determining the ultimate question of permissive intervention." *Id*. Moreover, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

As noted, AMIC cannot obtain permissive intervention because it has not shown the existence of a common question of law or fact. Even had it done so, the very existence of such a question would require a continuance of the trial, presently set for February 2011, to allow Barnett (and perhaps the plaintiff) to engage in discovery of AMIC's presently unarticulated grounds for denying coverage and to develop evidence with which to counter AMIC's argument, whatever it may be.[5] AMIC posits that no discovery is necessary, but it does not explain why, and both the plaintiff and Barnett assert that discovery would indeed be needed. (Doc. 82 at 2; Doc. 83 at 6). Their position appears clearly correct.

Thus, even had the Court's discretion been triggered by AMIC's motion, the Court would exercise its discretion to deny intervention because AMIC inexcusably delayed 15 months in seeking intervention and because intervention at this late date would unduly delay the trial of this action, unfairly prejudicing the plaintiff. Due to its heavy criminal docket and other factors, the Court has a civil trial docket only quarterly. The May calendar is completely full and the August calendar essentially so, such that continuance would likely require postponing trial a full nine months, to November 2011. There is no justification for delaying the plaintiff's day in court by almost a year simply to

---

[5] AMIC's position is that Barnett is not an insured, but it does not explain how it reaches this conclusion.

accommodate AMIC's unexplained and thus unjustified decision to sit on its rights for 15 months.[6]

Although styled as a motion to intervene, AMIC's filing also seeks permission to join as a party plaintiff under Rule 20. (Doc. 80 at 2). AMIC does not explain how it, as a party neither to this lawsuit nor to any other lawsuit involving this subject matter, can invoke Rule 20. Nor does it explain how it is permissible for a non-party who cannot satisfy Rule 24 to nevertheless achieve the same result under Rule 20. At any rate, joinder under Rule 20 requires the existence of a question of law or fact common to AMIC and the plaintiff. Fed. R. Civ. P. 20(a)(1)(B). As discussed above, there is no such question presented.

For the reasons set forth above, AMIC's motion to intervene is **denied**.

DONE and ORDERED this 15th day of December, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] As noted, AMIC remains free to pursue an independent declaratory judgment action, and "[w]hen an appellant has other adequate means of asserting its rights, a charge of abuse of discretion in the denial of a motion for permissive intervention would appear to be almost untenable on its face." *Worlds*, 929 F.2d at 595 n.20 (internal quotes omitted).